# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3421

_____

Jani Strato,                                    *
                                                *
            Petitioner,                         *
                                                *
      v.                                        *
                                                *
John Ashcroft, United States                   *
Attorney General,                              *
                                                *
            Respondent.                         *  Petition for Review of an
_____                    *  Order of the Board of
                                                *  Immigration Appeals.
Marjeta Lloli,                                  *
                                                *
            Petitioner,                         *
                                                *
      v.                                        *
                                                *
John Ashcroft, United States                   *
Attorney General,                              *
                                                *
            Respondent.                         *

_____

Submitted: September 17, 2004
Filed: November 12, 2004

_____

Before WOLLMAN, RICHARD S. ARNOLD,[1] and SMITH, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Jani Strato and Marjeta Lloli petition for review of the Board of Immigration Appeals's (BIA) denial of their motion to reopen proceedings in relation to their applications for asylum, withholding of removal and protection under the Convention Against Torture. We affirm.

## I.

Strato and Lloli were born in the same Albanian province and are part of the Greek minority in Albania. They came to the United States from Greece in December 1998 on visitor visas to attend a cousin's wedding, but remained beyond their authorized stay. They received notices to appear before immigration authorities in December 1999. They admitted deportability, but applied for asylum, withholding of removal, and protection under the Convention Against Torture.

At a consolidated hearing, the immigration judge (IJ) heard testimony from Strato, Lloli, and Kosta Lalo, a man from the same village in Albania who had received withholding of removal in an immigration court in New York. Strato testified that he was born into an anti-communist, Orthodox Christian family that was forced to work on government farms. In 1988, Strato served in the Albanian army for two years. He testified that he was mistreated and imprisoned during and immediately following his army service. Strato soon escaped to Greece. Although the Communist government was overthrown in Albania in 1991, Strato stated that the power structure did not actually change. Strato married Lloli in Greece on January 26, 1993, where, unable to obtain lawful status, they both lived underground. During

---

[1]The Honorable Richard S. Arnold died on September 23, 2004. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

the years they lived in Greece, Strato and Lloli briefly returned to Albania in 1993 and 1997. In 1993, they had to return immediately to Greece because Albanian police recognized and chased Strato. In 1997, Strato returned to participate in elections as a supporter of the Human Rights Party, but fled once again because he did not feel safe.

Lalo then testified that he knew Strato. He stated that when the communists controlled the country, anti-communists and Orthodox Christians were mistreated, and that after communism, the government still mistreated the Greek minority. When Lalo began to testify about the details of his experience seeking asylum in the United States, however, the IJ questioned the relevance of the testimony and sustained an objection by the Agency. The IJ explained that Lalo's testimony was relevant only to show a pattern of mistreatment in Albania similar to that claimed by Strato; it was not relevant to show that the mistreatment warranted a grant of asylum for Strato merely because Lalo had been granted withholding of removal. App. 106-09. Strato's attorney objected to the IJ's reasoning, but questioned Lalo no further.

The IJ issued an oral decision denying Strato and Lloli asylum, withholding, and relief under the Convention Against Torture, and directing their removal to Albania. He found their testimony credible, though poorly documented. He concluded, however, that the evidence is not sufficient to establish past persecution. He found the limited details of Strato's prison camp experience insufficient to establish persecution. He also found that Strato's extended stay in Greece resulted in de facto resettlement, even though Strato did not achieve legal status. He noted that the State Department Report indicated tolerance for religious freedom and that other reports described significant corruption, but overall found little corroborative evidence in support of Strato and Lloli's claim that they were persecuted because of their ethnicity and religion.

Strato appealed to the BIA, arguing, among other things, that the IJ violated Strato's due process rights when he barred further testimony from Lalo. The BIA affirmed without opinion in accordance with 8 C.F.R. § 1003.1(e)(4) (2003)[2] on April 2, 2003. Strato's counsel then filed a motion to reopen on June 30, 2003, contending that the BIA's decision to issue an affirmance without opinion indicated that it had failed to consider that Strato's constitutional rights were violated when the IJ excluded material testimony. The BIA denied the motion on September 2, 2003, concluding that:

> The respondent has failed to present any new evidence and the evidence now presented regarding the witnesses testimony does not overcome the deficiencies in the respondent's original case or establish his prima facie eligibility for relief.

## II.

We review the BIA's decision to deny the motion to reopen for abuse of discretion. Raffington v. INS, 340 F.3d 720, 722-23 (8th Cir. 2003). Because Strato and Lloli failed to timely appeal the initial BIA decision, and because a motion to reopen or reconsider does not toll the time for appeal of the underlying order, we review only the order denying the subsequent motion to reopen. See Boudaguian v. Ashcroft, 376 F.3d 825, 827 (8th Cir. 2004). Motions to reopen "are disfavored because of the strong public interest in bringing litigation to a close." Raffington, 340 F.3d at 722. The Attorney General has broad discretion in deciding whether to grant or deny the motion. Khalaj v. Cole, 46 F.3d 828, 834 (8th Cir. 1995). The regulation governing motions to reopen states that:

> A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be

---

[2]This section was renumbered in 2003; its prior citation was 8 C.F.R. § 3.1. See 68 Fed. Reg. 9830-9832 (Feb. 28, 2003).

> supported by affidavits or other evidentiary material. . . . A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.

8 C.F.R. § 1003.2(c)(1) (2003). The BIA may properly deny a motion to reopen if the movants have failed to establish a prima facie case for the substantive relief they seek or if the movants have failed to introduce material evidence that was previously unavailable. See INS v. Abudu, 485 U.S. 94, 104-05 (1988).

In this case, the BIA denied the motion because it did not present any new evidence. Strato and Lloli argue that because Lalo was not permitted to testify about his asylum application in New York, his testimony regarding that matter would constitute "new evidence" in a rehearing. We find no merit in this contention. New facts presented in a motion to reopen must be facts that were not available and had not been discovered at the time of the hearing before the IJ. 8 C.F.R. § 1003.2(c)(1). Here, the specific facts forming the basis of Strato and Lloli's motion remained unspoken at the hearing, not because the facts were unavailable for presentation, but because the IJ excluded them on relevancy grounds. Strato and Lloli's argument is therefore more properly characterized as a legal argument that the available evidence was improperly excluded. In fact, the motion merely restates the legal argument advanced in the original appeal to the BIA, i.e., that the IJ's choice to exclude further testimony by Lalo resulted in a deprivation of due process.

Claims that the BIA made errors of fact or law are properly raised in a motion to reconsider, not a motion to reopen. See 8 C.F.R. § 1003.2(b)(1). The BIA has sometimes treated a motion to reopen as one to reconsider and to reopen, see Boudaguian, 376 F.3d at 827, but did not do so in this case. A petitioner must file a motion to reconsider within thirty days of the initial BIA decision, 8 C.F.R. § 1003.2(b)(2), but has ninety days to file a motion to reopen. 8 C.F.R.

§ 1003.2(c)(2). In this case, the motion was filed just prior to the ninety-day deadline, making a motion to reopen the only available option.

Even if the BIA had treated this motion to reopen as a motion to reconsider, appellants would not likely have succeeded. The motion merely restated a claim that they had already argued to the BIA and which the BIA had already rejected. They then failed to petition this court for review of the original BIA decision. A motion for reconsideration must "give the tribunal to which it is addressed a reason for changing its mind," something the tribunal has no reason to do if the motion "merely republishes the reasons that had failed to convince the tribunal in the first place." Ahmed v. Ashcroft, No. 03-2620, 2004 WL 2382141, at *1-2 (7th Cir. Oct. 26, 2004). The BIA does not abuse its discretion if it refuses to reconsider the very arguments it has already rejected. Id. at *2. Because Strato and Lloli made the same argument regarding Lalo's testimony twice before the BIA, adding only the suggestion that the BIA "failed to consider" the argument the first time, the BIA properly disregarded their claim.

Finally, although the BIA could have denied the motion to reopen solely based on the lack of new evidence, it indicated a separate grounds for rejecting the motion by suggesting that such testimony, even if considered "new," would still fail to overcome deficiencies in the prima facie case for asylum. See Abudu, 485 U.S. at 104. When new facts are alleged, they must be such that they "would likely change the result in the case," or the "heavy burden" required to merit a reopening of proceedings will not have been met. Matter of Coelho, 20 I&N Dec. 464, 473 (BIA 1992); see also Boudaguian, 376 F.3d at 829. We cannot say that the BIA abused its discretion by reaching that conclusion and denying the motion to reopen.

The petition for review is denied.

_____