**YUN GUI CHEN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 03–40758–AG.**

United States Court of Appeals, Second Circuit.

March 28, 2005.

Yun Gui Chen, Brooklyn, New York, for Petitioner, pro se.

Colm F. Connolly, United States Attorney for the District of Delaware, Seth M. Beausang, Assistant United States Attorney, Wilmington, Delaware, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JAMES L. OAKES, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 28th day of March, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yun Gui Chen petitions for review of the September 2003 BIA decision denying a motion to reconsider the July 2003 BIA decision affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of Zhao's motion for an abuse of discretion. *Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

A motion to reconsider must specify errors of fact or law and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1). Chen did not identify any errors of law or fact that were not previously raised. His motion to reconsider argued that the IJ and BIA erred in denying his claims for relief because he established a well-founded fear of future persecution based on his participation in Falun Gong activities. Because the BIA had already rejected these arguments, it did not abuse its discretion in denying the motion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 110 (2d Cir.2006) (citing *Strato v. Ashcroft,* 388 F.3d 651, 655 (8th Cir.2004)).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is

VACATED, and any pending motion for a stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).