Zeng Shui LIN, Petitioner,

v.

Alberto R. GONZALES, Attorney

General,[1] Respondent.

No. 02–8449–ag.

United States Court of Appeals,
Second Circuit.

Nov. 21, 2005.

Douglas B. Payne, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, James P. Fleissner, Kurt N. Linland, Carole J. Ryczek, Assistant United States Attorneys, Chicago, Ill., for Respondent.

PRESENT: HON. WALKER, Chief Circuit Judge, HON. JOSÉ A. CABRANES, and HON. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Zeng Shui Lin petitions for review of December 4, 2002 decision of the Board of Immigration Appeals ("BIA") denying his motion to reconsider their June 19, 2002 decision.

Zeng Shui Lin is a Chinese citizen who entered the United States in 1990, and then claimed asylum and withholding of removal. In support of his claims, he alleged that he was persecuted by the Chinese Government because his wife was forcibly sterilized and they were fined by the Chinese Government.[2] On June 19, 2002, the BIA summarily affirmed the IJ's decision, and Lin did not file any timely petition for review from this BIA decision. Instead, on July 23, 2002, Lin moved the Board to reconsider its prior decision. Lin's motion essentially restated the claims in his June 2002 appeal to the BIA. Lin claimed that the IJ made an egregious legal error in stating that there must be a nexus between forcible sterilization of his spouse and Lin coming to the United States of America. Lin also claimed that he demonstrated his entitlement to a grant of asylum for accumulated persecutive acts. The BIA denied Lin's motion on December 4, 2002, and Lin then timely filed the present petition for review.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

2. In his motion to reconsider, Lin claimed that he was persecuted on account of his religion and political views. Lin waived these claims in his petition for review.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir. 2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34 (quoting *Ke Zhen Zhao v. U.S. DOJ*, 265 F.3d 83, 93 (2d Cir.2001)). "The statutory framework governing asylum proceedings does not provide for motions to reopen or reconsider, and the right to make such motions depends entirely on the administrative regulations." *Kaur*, 413 F.3d at 234 (citation and internal quotation marks omitted).

The BIA denied Lin's motion for reconsideration of his forced sterilization claim on two independent grounds: (1) Lin's motion merely reiterated arguments made in his original appeal of the IJ's decision and (2) the alleged error raised by Lin was harmless. The first ground is an appropriate basis for the denial of reconsideration. *See Strato v. Ashcroft*, 388 F.3d 651, 655 (8th Cir.2004); *Ahmed v. Ashcroft*, 388 F.3d 247, 251 (7th Cir.2004); *Sswajje v. Ashcroft*, 350 F.3d 528, 533 (6th Cir.2003). Because this is adequate to support the BIA's decision and reviewing the second ground might require us to consider the underlying decision of the IJ, something it is not clear we may do on appeal from a denial of reconsideration, we do not reach whether the BIA abused its discretion in finding that issue to be harmless.

Because the BIA did not abuse its discretion in denying petitioner's motion for reconsideration, the petition for review is DENIED.