**Nai Xing LI, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4654–AGNAC.**

United States Court of Appeals,
Second Circuit.

March 1, 2006.

Michael Brown, New York, New York,
for Petitioner.

G.F. Peterman III, Acting United States
Attorney; Dean S. Daskal, Assistant United States Attorney, Columbus, Georgia,
for Respondent.

PRESENT: Hon. DENNIS JACOBS,
Hon. B.D. PARKER, and Hon. PETER
W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this
petition for review of the Board of Immigration Appeals ("BIA") decision, it is
hereby ORDERED, ADJUDGED, AND
DECREED that the petition for review is
DENIED.

Nai Xing Li, through counsel, petitions
for review of the Board of Immigration
Appeals ("BIA") August 2005 order denying his motion to reconsider the BIA's
decision. The BIA had previously dismissed Li's appeal from an immigration
judge's ("IJ") decision denying his application for asylum, withholding of removal,
and relief under the Convention Against
Torture. We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a
motion to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233
(2d Cir.2005) (per curiam); *Khouzam v.
Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004).
An abuse of discretion may be found
where the BIA's decision "provides no rational explanation, inexplicably departs
from established policies, is devoid of any
reasoning, or contains only summary or
conclusory statements; that is to say,
where the Board has acted in an arbitrary
or capricious manner." *Kaur,* 413 F.3d at
233–34 (quoting; *Ke Zhen Zhao v. DOJ,*
265 F.3d 83, 93 (2d Cir.2001)). The regulations provide that a motion to reconsider
must specify errors of fact or law in the
BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b);
*Ke Zhen Zhao,* 265 F.3d at 90.

Here, the BIA did not abuse its discretion in denying Li's request for reconsideration because it provided a clear rationale
for denying the motion. While the BIA
did not mention each aspect of Li's claim
or identify every material fact, it properly
referenced the IJ's decision, and pointed to
specific IJ findings to counter Li's argument that the IJ's decision was in error.
Additionally, the BIA observed that Li had
been afforded a hearing according to due
process, and that he had not cited to any
errors of fact or law in its prior decision
that would warrant reconsideration. Thus,
the BIA properly declined to reconsider its
June 2005 decision, and provided adequate
reasoning for doing so. *See Strato v. Ashcroft,* 388 F.3d 651, 655 (8th Cir.2004);
*Ahmed v. Ashcroft,* 388 F.3d 247, 251 (7th
Cir.2004); *Sswajje v. Ashcroft,* 350 F.3d
528, 533 (6th Cir.2003).

For the foregoing reasons, the petition
for review is DENIED. Having completed our review, any stay of removal that the

Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).