**Lush KAPAJ, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 04–1042–AG.**

United States Court of Appeals, Second Circuit.

March 28, 2006.

˙ Charles Christophe, New York, New York, for Petitioner.

James A. Frederick, Assistant United States Attorney, District of Maryland, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JAMES L. OAKES, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 28th day of March, Two thousand and six.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-mer Attorney General John Ashcroft as the Respondent in this case.

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Lush Kapaj ("Kapaj"), through counsel, petitions for review of an order of the BIA denying his motion to reconsider its November 2003 decision affirming the decision of an Immigration Judge ("IJ") that denied his application for asylum, withholding of removal and relief under the Convention Against Torture. We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In the present case, Kapaj has failed to present any argument in his brief to this Court suggesting how the BIA abused its discretion in denying the motion for reconsideration. In any event, the BIA's decision did not constitute an abuse of discretion because it provided a rational explanation for the denial and was in line with established policies. *See Kaur,* 413 F.3d at 233–34. Moreover, the arguments made in Kapaj's motion for reconsideration were, for the most part, restatements of previous arguments that were made to the BIA on appeal. Several of our sister circuits have held that the BIA may properly deny a motion for reconsideration under such circumstances. *See Strato v. Ashcroft,* 388 F.3d 651, 655 (8th Cir.2004); *Ahmed v. Ashcroft,* 388 F.3d 247, 251 (7th Cir.2004); *Sswajje v. Ashcroft,* 350 F.3d 528, 533 (6th Cir.2003).

For these reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).