**YE HONG LIAN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–1626–ag.**

United States Court of Appeals,
Second Circuit.

Aug. 30, 2006.

Michael Brown, New York, New York, for Petitioner.

Eric F. Melgren, United States Attorney, Brent I. Anderson, Assistant United States Attorney, Wichita, Kansas, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Ye Hong Lian, a native and citizen of China, seeks review of a March 27, 2006 order of the BIA denying a motion to reopen and reconsider its January 26, 2006 order affirming the September 15, 2004 decision of immigration judge ("IJ") Gabriel C. Videla denying Lian's applications for asylum, withholding of deportation, and relief under the Convention Against Torture. *In re Ye Hong Lian,* No. A73 614 010 (B.I.A. March 27, 2006), *aff'g* No. A73 614 101 (B.I.A. January 2006), *aff'g* No. A73 614 101 (Immig. Ct. N.Y. City September 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). In her brief, Lian contests both the BIA's decision affirming the

IJ's denial of relief and the order denying the motion to reopen and reconsider. Petitioner's Brief at 7. Lian's petition for review was filed on April 6, 2006, *see* 2d Cir. Dkt. Sht. No. 06–1626–ag 4/6/06 Entry (Petition for review of agency order). Thus, it was not timely with respect to the BIA's initial January 2006 decision affirming the IJ's denial of asylum and withholding of deportation, *see* 8 U.S.C. § 1152(b)(2). As such, we can only review the BIA's denial of Lian's motion to reopen and reconsider, but not her arguments regarding the BIA's initial failure to adjudicate the merits of her religious persecution claim nor her arguments that the BIA failed to consider adequately all of her submitted evidence in affirming the IJ's decision, *see Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

▆▆ A motion to reconsider "requests that the Board re-examine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Matter of Cerna*, 20 I. & N. Dec. 399, 1991 WL 353528 (BIA 1991). In her motion to reopen and reconsider, Lian presented the same arguments that she had presented to the BIA on direct appeal of the IJ's decision, upon which the BIA found that there was no clear error in the IJ's determination that her claim was implausible and that she did not have a reasonable fear of future persecution. Because Lian did not present any new arguments to the BIA in her motion to reconsider, and because the BIA reasonably determined that the IJ's conclusion regarding Lian's lack of well-founded fear was appropriate, the BIA did not abuse its discretion in denying the motion. *Jin Ming Liu*, 439 F.3d at 111 (citing *Strato v. Ashcroft*, 388 F.3d 651, 655 (8th Cir.2004)). Lian also argues in her brief to this Court that the BIA abused its

discretion by failing to follow its own precedent, and cites two unpublished BIA opinions. Because the BIA's unpublished opinions are nonprecedential and therefore not binding, *see* 8 C.F.R. § 1003.1(g), the BIA did not abuse its discretion.

▆▆ A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." *Zhao v. U.S. DOJ*, 265 F.3d 83, 90 (2d Cir.2001). In order to warrant reopening, the new evidence must materially affect the outcome of the case. *See* 8 C.F.R. § 1003.2(c)(1). Lian submitted a copy of a Congressional Hearing report dated 1998, a newspaper article from 1985, and an administrative recommendation and a decision from the Fuzhou City Family Planning office dated 2003. As all four pieces of evidence predated her 2004 hearing and Lian offered no explanation as to why she could not have presented them at the time of her hearing, BIA appropriately determined that the evidence was neither new nor previously unavailable.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).