NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 8, 2013[*]
Decided February 5, 2013

## Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

| | |
|---|---|
| No. 12-2654 | |
| XIU LING CHEN, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

## Order

We remanded this matter to the Board of Immigration Appeals so that it could receive further evidence and determine whether, as a practical matter, if returned to China, petitioner Xiu Ling Chen would face financial penalties so severe as to amount to "force" within the meaning of 8 U.S.C. §1101(a)(42)(B), which provides that a person "who has been forced to abort a pregnancy or to undergo involuntary sterilization" is entitled to refugee status in this nation. *Xiu Ling Chen v. Gonzales*, 489 F.3d 861 (7th Cir. 2007). The Board remanded to an immigration judge, who ruled against petitioner. The Board then dismissed petitioner's appeal.

---

[*] This successive petition has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Before the IJ, petitioner presented evidence about the maximum fines (or "society distraction fee") assessed in Fujian (her province) but did not present any evidence about the probability that she would be required to pay the maximum fines, even though our opinion had identified this as a subject to be addressed. The IJ concluded that petitioner would need to choose between registering her US-born children (registration would require her to pay fines) and the costs of not registering them (unregistered children do not receive subsidies for education and health care). The IJ concluded that neither the fines associated with registration nor the loss associated with non-registration would suffice to classify petitioner as a refugee. The Board agreed, observing that petitioner had not presented evidence showing what was likely to happen to her, but had simply presented a translated compilation of statements (of uncertain reliability) circulating on the Internet. Like the IJ, the Board found petitioner's submissions unreliable and difficult to evaluate. Petitioner did not present any evidence from an expert on China's treatment of returning citizens who had children while abroad. Nor did she present any official statements of China's public officials (national or provincial).

Petitioner's brief in this court complains that the IJ and Board did not decide what financial exactions China normally would impose on a returning alien in her position. Such a finding is important under this court's 2007 decision. See 489 F.3d at 862–63. But the reason this finding was not made is that petitioner did not present evidence on that question. As the applicant for asylum and withholding of removal, petitioner bears both the burden of production and the risk of non-persuasion. 8 U.S.C. §1158(b)(1)(B); 8 C.F.R. §208.13(a).

Petitioner renews a contention that she made in 2007, and that we rejected: that she will be forcibly sterilized should she return to China. The Board found that Fujian Province has not used involuntary sterilization during the last decade. Substantial evidence supports that conclusion.

The petition to set aside the Board's decision is denied.