# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1103

_____

Xiu Ling Chen

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 20, 2013
Filed: May 13, 2014

_____

Before WOLLMAN, LOKEN, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Xiu Ling Chen petitions for review of an order by the Board of Immigration Appeals ("BIA") denying her motion to reopen her application for asylum, withholding of removal and protection under Article III of the Convention Against Torture ("CAT"). Because she has failed to present previously unavailable, material evidence to support reopening her case, we deny the petition.

# I. Background

Chen was born in Changle (sometimes spelled Chang Le) City in the Fujian Province of China. She arrived in the United States on January 3, 2001, without admission or inspection. She affirmatively applied for asylum, withholding of removal, and protection under CAT on July 29, 2001. Chen initially applied for asylum based on a forced abortion she alleged had occurred in China, and she and her husband submitted affidavits to support the claim. In 2005, she withdrew that claim and amended her application to reflect the basis for the asylum claim at issue here: since she has had three sons while in the United States, she fears that she will be subject to involuntary sterilization upon her return to China and that her family will be economically persecuted by virtue of the fines imposed on those who violate China's one-child policy.

Chen's application was denied by an immigration judge ("IJ") in 2005, and her appeal was dismissed by the BIA. On Chen's petition, the Seventh Circuit remanded to the BIA for additional fact finding to determine whether the financial consequences to Chen upon her return to China would constitute persecution. See Xiu Ling Chen v. Gonzales, 489 F.3d 861, 863 (7th Cir. 2007) ("The Board needs to decide (a) what financial exactions normally are *used* in Fujian, and (b) how these consequences should be classified under the legal standard that separates inducement and encouragement (allowed) from 'force' (which our law treats as persecution)."). The BIA further remanded to the IJ, who found Chen's fears about sterilization and fines to be credible but gave her testimony diminished weight due to her past false statements in her initial asylum application. The IJ ultimately denied Chen's application, finding she had not established that Fujian Province sterilized women in Chen's situation and that any economic burdens imposed to encourage compliance with China's population control policies did not amount to persecution. On May 25, 2012, the BIA affirmed that decision.

Chen both petitioned for review of the BIA order in the Seventh Circuit and timely sought to reopen the decision, arguing that new and previously unavailable evidence showed that country conditions in China had changed.[1] The Seventh Circuit denied her petition for review. Xiu Ling Chen v. Holder, 500 F. App'x 533 (7th Cir. 2013). On December 14, 2012, the BIA denied Chen's motion to reopen, finding that some of her evidence was previously available, some was incomplete, and none of the documents from China was authenticated—and, moreover, she had failed to make the requisite prima facie case of eligibility for relief. Chen now petitions the Eighth Circuit for review of the BIA's denial of her motion to reopen.[2]

## II. Discussion

An individual in removal proceedings may ordinarily file one motion to reopen his or her case, which may lead to a second hearing. 8 U.S.C. § 1229a(c)(7)(A). The BIA may deny a motion to reopen if the movant fails to present new, previously unavailable evidence; if the movant does not establish a prima facie case of eligibility for the desired relief; or if the BIA determines "that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief sought." Habchy v. Gonzales, 471 F.3d 858, 867 (8th Cir. 2006) (quotation omitted).

---

[1] We note that, although Chen frames her argument in terms of changed conditions in China, "[t]he birth of children in the United States is a change of personal circumstance, not a change in country conditions." Li Yun Lin v. Mukasey, 526 F.3d 1164, 1165 (8th Cir. 2008).

[2] After the BIA has dismissed an appeal, the petition for review of that order is filed with the court of appeals for the circuit in which the IJ completed the proceedings. 8 U.S.C. § 1252(b)(2). Chen's 2005 hearing was in Chicago, Illinois, and her 2010 hearing after the Seventh Circuit's remand was in Kansas City, Missouri. The parties jointly moved to transfer venue of the petition for review of the May 25, 2012, BIA order to the Seventh Circuit, but there was no such motion for the instant petition.

For the BIA to grant a motion to reopen, the new evidence must have been "neither available nor discoverable at the prior hearing" and must be "material to the outcome of the proceeding." Quinteros v. Holder, 707 F.3d 1006, 1009 (8th Cir. 2013) (quotation omitted). In other words, these new facts "must be such that they would likely change the result in the case, or the heavy burden required to merit a reopening of proceedings will not have been met." Strato v. Ashcroft, 388 F.3d 651, 655 (8th Cir. 2004) (quotation omitted). See also 8 C.F.R. § 1003.2(c)(1).

Just as the BIA may deny Chen's motion to reopen if she did not present new, material evidence, Chen's motion may also be denied if she did not make a prima facie case of eligibility for the relief she seeks. She is eligible for asylum if she can demonstrate a "well founded fear that . . . she will be forced to undergo [sterilization] or [will be] subject to persecution for [her] failure, refusal, or resistance" to do so. 8 U.S.C. § 1101(a)(42)(B).[3] Economic burdens may constitute persecution, but the restrictions must be "severe enough to threaten an applicant's life or freedom." Alavez-Hernandez v. Holder, 714 F.3d 1063, 1067 (8th Cir. 2013). Chen may prove an objectively well-founded fear of future persecution by producing "credible, direct, and specific evidence that a reasonable person in [her] position would fear persecution if returned." Makatengkeng v. Gonzales, 495 F.3d 876, 881 (8th Cir. 2007) (quotation omitted). She must also show that subjectively, she "genuinely fears persecution." Id. (quotation omitted).

We review the BIA's denial of a motion to reopen for abuse of discretion. Ortiz-Puentes v. Holder, 662 F.3d 481, 484 (8th Cir. 2011) (citing Kucana v. Holder, 558 U.S. 233, 242 (2010)). "An agency abuses its discretion when it makes a decision without rational explanation, departs from established policies, invidiously

---

[3]"If an alien fails to meet the asylum requirement of a well-founded fear of persecution, he or she generally cannot meet the higher standard needed to obtain withholding of removal or protection under the Convention Against Torture." Ngengwe v. Mukasey, 543 F.3d 1029, 1033 (8th Cir. 2008) (citation omitted).

discriminates against a particular race or group, fails to consider all factors presented by the alien, or distorts important aspects of the claim." Gitau v. Mukasey, 520 F.3d 906, 908 (8th Cir. 2008).

Here, we conclude the BIA did not abuse its discretion in denying Chen's motion. Chen has not produced documents that were previously unavailable for her 2010 merits hearing and that are "material to the outcome of the proceeding." Quinteros, 707 F.3d at 1009. As before, she has not demonstrated the likely impact of any economic sanctions imposed for her violations of China's one-child policy or the probability that she would be subject to sterilization in her particular province. Although some of the new documents speak to her province's use of sterilization on women who have violated the one-child policy, none distinguishes between women who have had children in China and those who return with children born abroad. It is possible that the documents describe both groups of women, but Chen does not argue for or provide evidence to support this interpretation. Since the facts presented are therefore not "likely [to] change the result in the case," Chen has not met "the heavy burden required to merit a reopening of proceedings." Strato, 388 F.3d at 655.

In addition, Chen has not made a prima facie case for her substantive asylum eligibility. See Habchy, 471 F.3d at 867 (failure to "establish a prima facie case for the relief sought" is a permissible reason for BIA denial of a motion to reopen) (quotation omitted). Although Chen argues that the BIA applied an excessively stringent standard, the BIA opinion reflects consideration of a prima facie rather than an absolute case of eligibility. See Dec. 14, 2012 BIA decision, at 4 ("The evidence is insufficient to demonstrate a *realistic chance that the respondent can establish* her eligibility for relief from removal or protection under the Convention Against Torture due to China's family planning policy." (emphasis added)). As outlined above, she has not adequately shown that any financial penalties based on China's one-child policy would "threaten [her] life or freedom"—amounting to economic persecution,

Alavez-Hernandez, 714 F.3d at 1067—or that she has a well-founded fear of sterilization if she returned to her province with more than one child born abroad.

Finally, Chen contends the BIA evaluated her exhibits too strictly by finding that the documents from China were not authenticated pursuant to 8 C.F.R. § 1287.6, which pertains to using other countries' official records in immigration proceedings. We acknowledge that § 1287.6 may not be the exclusive means to authenticate documents in this context. See, e.g., Fei Yan Zhu v. Att'y Gen. of United States, 744 F.3d 268, 274 (3d Cir. 2014) (finding that in addition to authentication pursuant to 8 C.F.R. § 1287.6, the "significant indicia of reliability" needed for evidence to be considered substantively may be shown in several other ways); Ji Cheng Ni v. Holder, 715 F.3d 620, 629 (7th Cir. 2013) (allowing other methods to authenticate documents "is a sensible approach, since it may not be possible for an applicant filing a motion to reopen to obtain from a foreign government valid and proper authentication of a document [that] purports to threaten persecution" (quotation omitted)); Yan Rong Zhao v. Holder, 728 F.3d 1144, 1149–50 (9th Cir. 2013) ("[A] petitioner's failure to obtain government certification of a foreign public document's authenticity is not necessarily a bar to admission of the document. . . . [A] document can be authenticated by any evidence sufficient to support a finding that the item is what the proponent claims it is." (quotation omitted)). However, without deciding what would be required to authenticate the several types of documents at issue, we note the BIA correctly found that Chen's documents from China were not "sufficiently authenticated *in any manner*" and were therefore "not considered genuine, authentic, and objectively reasonable evidence." Dec. 14, 2012 BIA decision, at 3 (emphasis added). Even so, the BIA did consider Chen's "documents and regulations from other [Chinese] villages, towns and cities" in evaluating Chen's prima facie eligibility, finding Chen had not shown how these documents applied to her. In sum, the record before us does not provide a basis for reversing the BIA.

## III. Conclusion

Because the BIA did not abuse its discretion in denying Chen's motion to reopen her case, we deny her petition for review of the BIA's final order.

_____