# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3684
_____

Boniface William Makundi

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 21, 2015
Filed: January 8, 2016

_____

Before RILEY, Chief Judge, BYE and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

Boniface William Makundi petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed the denial of Makundi's motion to reopen. Makundi argues the BIA abused its discretion by finding the evidence Makundi submitted was previously discoverable and holding his prior counsel had effectively withdrawn in 2011. We deny Makundi's petition.

# I

Makundi, a native and citizen of Tanzania, entered the United States on May 21, 2003, with a non-immigrant visitor visa. Makundi had authorization to remain in the United States for only one month for the purpose of attending his sister's graduation but has remained in the United States since that date. On September 29, 2003, Makundi married Carol Louis Bryant, a United States citizen. Following his marriage, Makundi adjusted his status to conditional permanent resident.

In 2006, Makundi petitioned the Department of Homeland Security (DHS) to remove the condition on his residency. In 2009, the DHS denied Makundi's petition and terminated his conditional permanent resident status. On January 25, 2010, the DHS commenced removal proceedings against Makundi pursuant to 8 U.S.C. § 1227(a)(1)(D)(i), as an alien who, after admission or adjustment on a conditional basis, had his status terminated, and under 8 U.S.C. § 1227(a)(1)(A), as an alien who at the time of admission or adjustment was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) for seeking to procure a benefit by fraud or willfully misrepresenting a material fact. The DHS asserted Makundi procured admission to the United States by willfully misrepresenting a material fact which was that he was not married at the time he married a United States citizen.

During his immigration proceedings Makundi was represented by an attorney. At the removal hearing on July 29, 2010, Makundi conceded he was removable because his conditional resident status had been terminated, but disputed that he had procured his admission or adjustment by fraud or willful, material misrepresentation. Makundi argued his marriage to a Tanzanian citizen had been annulled and was therefore not legal at the time he married Carol Bryant. To avoid removal, Makundi requested a waiver reinstating his residency and removing its conditional basis. The Immigration Judge (IJ) set the hearing regarding Makundi's request for April 8, 2011.

On March 28, 2011, Makundi's attorney filed a motion to continue because he had been suspended from practice before the immigration court. The IJ granted the attorney's motion and rescheduled the April 2011 hearing to February 27, 2012. The court mailed a copy of the notice to the attorney. Makundi submits his attorney never formally withdrew his representation and the court never ordered the attorney to no longer represent him. Makundi further contends the immigration court continued sending updated notices to his attorney until February 2012.

At his hearing on February 27, 2012, Makundi appeared without counsel and requested more time to obtain new counsel. The IJ continued the hearing to March 26, 2012, so Makundi could obtain an attorney.

On March 26, 2012, Makundi appeared again without counsel and testified in support of his request for relief. When asked by the IJ if he had any of the documents related to his case, Makundi testified "my lawyer ha[s] them so, and I haven't g[otten] them from him as he just disappeared." Makundi did not seek an additional continuance.

The IJ issued an oral opinion at the conclusion of the hearing finding Makundi removable under 8 U.S.C. § 1227(a)(1)(A) and denying his request for a waiver under section 216(c)(4) of the Immigration and Nationality Act (INA). The IJ determined Makundi had not submitted enough evidence to prove his marriage to Carol Bryant was bona fide. The IJ explained to Makundi what evidence he would need to submit in order to demonstrate he had a bona fide marriage and stated that if he was able to provide such documentation within thirty days then he may file a motion to reconsider and attach the documentation to the motion. Alternatively, the IJ informed Makundi he could appeal his decision to the BIA.

With new counsel, Makundi filed a timely appeal to the BIA arguing his marriage was bona fide and thus his petition should have been approved. On April

30, 2014, the BIA denied Makundi's appeal finding he failed to present sufficient evidence establishing he had a bona fide marriage.

On June 16, 2014, Makundi filed a motion to reopen with the BIA, submitting he had been able to gather new evidence since his March 2012 hearing. Makundi argued this evidence was not previously discoverable because his prior attorney had been disbarred shortly before his hearing and the prior attorney had possessed much of the evidence supporting his application. Makundi further submitted the twenty-seven day extension granted by the IJ was not enough time to recover the necessary documentation before the March 2012 hearing.

The BIA issued a summary decision on October 30, 2014, denying Makundi's motion to reopen. The BIA found his original attorney had effectively withdrawn approximately one year prior to the March 2012 hearing and therefore Makundi had more than enough time to acquire new counsel. Additionally, the BIA determined the "new" documents submitted by Makundi to establish he had a bona fide marriage were previously discoverable as they originated from Makundi himself, as opposed to his original attorney, and predated the March 2012 hearing. On December 1, 2014, Makundi timely petitioned for review.

II

Makundi argues the BIA erred when it denied his motion to reopen because his materials were undiscoverable prior to the March 26, 2012, hearing and therefore his case merits reopening.

"We review the BIA's denial of a motion to reopen for abuse of discretion . . ." Valencia v. Holder, 657 F.3d 745, 748 (8th Cir. 2011). The BIA abuses its discretion when it "gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores

or distorts the record evidence." Guled v. Mukasey, 515 F.3d 872, 882 (8th Cir. 2008). "For the BIA to grant a motion to reopen, the new evidence must have been 'neither available nor discoverable at the prior hearing' and must be 'material to the outcome of the proceeding.'" Xiu Ling Chen v. Holder, 751 F.3d 876, 878 (8th Cir. 2014) (quoting Quinteros v. Holder, 707 F.3d 1006, 1009 (8th Cir. 2013)).

The BIA did not abuse its discretion in denying Makundi's motion to reopen because his newly submitted evidence was previously discoverable. In the BIA's October 30, 2014, summary decision it noted the "new" documents Makundi submitted – which included *inter alia* his marriage license from 2003, rental agreement from 2006, anniversary cards, sales receipts naming both spouses, tax returns from 2004 to 2011, and photos of their wedding – predated the March 2012 hearing. Additionally, Makundi conceded he was never able to retrieve any documents from his attorney but was able to submit different supporting documents to the BIA. Makundi's ability to submit different supporting evidence to the BIA that predated the March 2012 hearing compels the conclusion that these documents were in his possession all along and therefore previously discoverable. Accordingly, the BIA did not abuse its discretion in ruling Makundi's documents were previously discoverable.

Makundi further argues his newly submitted evidence was undiscoverable because twenty-seven days is insufficient time to gather and prepare the documents in light of his attorney's abandonment. As a threshold matter we note that Makundi did not request additional time to procure and prepare documents at the March 2012 hearing. Secondly, we are not persuaded that Makundi had only twenty-seven days to prepare the documents. On March 28, 2011, Makundi's attorney submitted a motion to continue because he became ineligible to practice law, at which point he had notice that his attorney had effectively withdrawn. We therefore find Makundi had approximately one year to locate a new attorney and gather his documentation but

failed to do so.  We believe the BIA's explanation of its decision to deny Makundi's motion to reopen is rational and in accordance with the record.

For those reasons, the BIA did not abuse its discretion in denying Makundi's motion to reopen.

III

Accordingly, we deny Makundi's petition for review.

_____