# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2227

_____

Jorge Molina-Cabrera

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 15, 2018
Filed: October 5, 2018

_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Petitioner Jorge Molina-Cabrera, a native of Ecuador, was apprehended as he entered the United States without a valid entry document and applied for asylum, withholding of removal, and relief under the Convention Against Torture. After an evidentiary hearing, the Immigration Judge ("IJ") denied relief. The Board of Immigration Appeals ("BIA") dismissed Molina-Cabrera's appeal, upholding the IJ's determination that Molina-Cabrera is ineligible for asylum or withholding of removal

because he failed to establish past persecution or a well founded fear of future persecution. Molina-Cabrera petitions for judicial review of the final order of removal. See 8 U.S.C. § 1252.[1] We review the Board's final agency decision, including the IJ's decision to the extent the BIA adopted the findings or reasoning of the IJ. Garcia-Gonzalez v. Holder, 737 F.3d 498, 500 (8th Cir. 2013). On appeal, Molina-Cabrera "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). Applying this deferential substantial evidence standard of review, we deny the petition for review.

I.

Molina-Cabrera testified that on May 1, 2012, Armando Sojos and two bodyguards approached Molina-Cabrera at the school where he taught in Lun, a small town in Ecuador. Sojos was a local municipal politician and the leader of the local chapter of the national political party Alianza PAIS. Sojos said he wanted Molina-Cabrera to join Alianza PAIS and serve as its local secretary. When Molina-Cabrera declined, Sojos threatened him. When Sojos and his bodyguards returned the next day, Molina-Cabrera again refused to join Alianza PAIS. Sojos pushed him to the ground and began kicking him for five to ten minutes, forcing Molina-Cabrera to cover his face and head. When Sojos stopped, the men brought Molina-Cabrera back to his feet, and Sojos warned, "If you know what's the best for you, you better think about it." Molina-Cabrera reported the incident to the nearest police department but does not believe the police took any action.

Molina-Cabrera saw Sojos and his men approaching Molina-Cabrera's home on May 3. He fled to Azogues, a much larger city, where he lived and worked for

---

[1]Molina-Cabrera does not challenge the denial of his application for relief under the Convention Against Torture.

three weeks. When he returned to Lun, his grandmother said Sojos had come to the house looking for Molina-Cabrera after he fled to Azogues. Molina-Cabrera returned to Azogues, applied for a passport, spent two weeks in Guayaquil, and then left Ecuador. The IJ found Molina-Cabrera's testimony generally credible.

## II.

The Attorney General has discretion to grant asylum to an alien who qualifies as a refugee. 8 U.S.C. § 1158(b)(1). The Immigration and Nationality Act defines refugee as an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "An applicant who establishes past persecution is presumed to have a well-founded fear of persecution." Tegegn v. Holder, 702 F.3d 1142, 1143 (8th Cir. 2013).

"Persecution is an extreme concept that does not encompass low-level intimidation and harassment." Id. at 1144 (citation omitted). "[M]inor beatings . . . do not amount to political persecution, even if government officials are motivated by political animus." Eusebio v. Ashcroft, 361 F.3d 1088, 1091 (8th Cir. 2004); see Tawm v. Ashcroft, 363 F.3d 740, 743 (8th Cir. 2004). A "specific threat of imminent death" constitutes persecution; a threat that is "exaggerated, non-specific, or lacking in immediacy" does not. Corado v. Ashcroft, 384 F.3d 945, 947-48 (8th Cir. 2004).

We agree with the IJ and the BIA that the harm that Molina-Cabrera suffered was not severe enough to constitute past persecution. The entire second meeting when Sojos knocked Molina-Cabrera to the ground and kicked him lasted only twenty-five to thirty minutes, most of which was spent talking. Sojos's comment that Molina-Cabrera "better think about it" was no doubt frightening, but it was insufficiently specific or imminent to constitute persecution. See Supangat v. Holder,

-3-

735 F.3d 792, 795-96 (8th Cir. 2013). Molina-Cabrera did not need immediate medical attention and suffered only minor physical injuries from the beating. See Alavez-Hernandez v. Holder, 714 F.3d 1063, 1067 (8th Cir. 2013). The harm he suffered was not "more severe than that suffered by those whose claims [we] have routinely rejected." Eusebio, 361 F.3d at 1091.

Even if an applicant fails to show past persecution, he may be granted asylum if he demonstrates a well founded fear of future persecution. 8 C.F.R. § 208.13(b)(2). A refugee's well-founded fear must be "subjectively genuine and objectively reasonable." Cinto-Velasquez v. Lynch, 817 F.3d 602, 605 (8th Cir. 2016) (citation omitted). Molina-Cabrera testified that he genuinely fears persecution by Sojos if he returns to Ecuador. But to prove the objective element, he must provide "credible, direct, and specific evidence of facts that show a reasonable person in the alien's position would fear persecution if returned to [his] native country." Ghasemimehr v. INS, 7 F.3d 1389, 1390 (8th Cir. 1993). "An applicant does not have a well-founded fear of persecution if [he] could avoid persecution by relocating to another part of the applicant's country" and relocation would be reasonable. 8 C.F.R. § 1208.13(b)(2)(ii).

To establish the objective element, Molina-Cabrera submitted evidence that Sojos's men approached his grandmother after he fled Lun to Azogues, and approached his brother a few months after he left Ecuador, asking both relatives his whereabouts. However, Sojos has not approached or threatened Molina-Cabrera's grandmother or brother since 2012. His brother and sister currently live in Azogues and have not been threatened or approached by Sojos or his men. The IJ found that Molina-Cabrera could avoid possible future persecution by relocating to another part of Ecuador. As the IJ observed, Molina-Cabrera obtained a room and worked without being approached by Sojos or his men when he fled to Azogues. When he returned to Azogues to obtain a passport, he was not harassed, threatened, or harmed despite

-4-

submitting his name and documents to the government. He then stayed in Guayaquil without incident for two weeks before leaving Ecuador.

Molina-Cabrera argues the IJ and the BIA abused their discretion by failing to consider an expert report he submitted discussing political coercion under the Alianza PAIS national government. But the report did not establish a well-founded fear of persecution because the expert "testified only to general, widespread discrimination." Agha v. Holder, 743 F.3d 609, 617 (8th Cir. 2014). Molina-Cabrera further argues that the IJ and the BIA abused their discretion by ignoring a report he submitted detailing the ongoing psychological harm he has experienced since entering the United States. But the IJ listed both reports among the documents considered and discussed the expert report on the Alianza PAIS government, and the BIA noted that Molina-Cabrera suffers from post-traumatic stress disorder and depression. Neither the IJ nor the BIA is required "to write an exegesis on every contention." Averianova v. Holder, 592 F.3d 931, 936 (8th Cir. 2010).

We agree with the IJ and the BIA that the evidence Molina-Cabrera provided was insufficient to establish either past persecution or a well-founded fear of future persecution. As he failed to satisfy "the less demanding burden of proof for asylum," we also uphold the denial of his claim for withholding of removal. Alemu v. Gonzales, 403 F.3d 572, 576 (8th Cir. 2005); see 8 U.S.C. § 1231(b)(3)(A) (applicant must show his "life or freedom would be threatened" if he was removed to Ecuador).

For the foregoing reasons, we deny the petition for review.

_____