# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1663
_____

Sarah Tan

*Petitioner*

v.

Pamela Bondi,[1] Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: January 13, 2025
Filed: July 24, 2025
[Unpublished]

_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Sarah Tan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' (BIA) denial of her motion to reopen asylum and removal proceedings. We deny the petition.

---

[1]Attorney General Bondi is automatically substituted for her predecessor under Federal Rule of Appellate Procedure 43(c)(2).

# I. Background

Tan entered the United States in May 1992 as a non-immigrant visitor and remained in the United States with her family beyond the authorized period.

In 2002, Tan's parents applied for asylum and included Tan in their application. They based their asylum claim on their Christian religion and Chinese ethnicity. The following year, the Department of Homeland Security charged Tan with removability under 8 U.S.C. § 1227(a)(1)(B) for overstaying her non-immigrant visitor's visa. An immigration judge eventually denied Tan's parents' asylum application, which they appealed. The BIA dismissed the appeal and ordered their removal, noting Tan was not eligible for withholding of removal based on her parents' application because she did not independently file an application for relief. Tan's parents moved to reopen proceedings based on ineffective assistance of counsel, which the BIA denied. This court then denied their petitions for review of the BIA's decisions to dismiss their appeal and to deny their motion to reopen. *See Tan v. Barr*, 799 F. App'x 454, 454–55 (8th Cir. 2020) (unpublished).

In January 2021, Tan's family filed another motion to reopen their proceedings, in which they sought to reapply for asylum and withholding of removal based on changed country conditions in Indonesia. Tan's family claimed they would suffer persecution in Indonesia on account of their Christian religion, Chinese ethnicity, and Tan's disability of severe hearing loss. They submitted evidence detailing church bombings, violence against family members, harassment of family members while attending church services, and the treatment of ethnic Chinese Christians and those with disabilities in Indonesia. The BIA denied the motion as to Tan and her parents because they failed to show a material change in country

conditions and failed to demonstrate a prima facie showing of eligibility for the relief sought. Tan now petitions for review of the BIA's denial of her motion to reopen.[2]

## II. Analysis

Tan argues the BIA abused its discretion in denying her motion to reopen proceedings. *See Manyary v. Bondi*, 129 F.4th 473, 477 (8th Cir. 2025) (standard of review). An abuse of discretion occurs only when the BIA "gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence." *Islas-Saldana v. Garland*, 59 F.4th 927, 930 (8th Cir. 2023) (quoting *Rodriguez de Henriquez v. Barr*, 942 F.3d 444, 447 (8th Cir. 2019)).

A motion to reopen to apply for asylum and withholding of removal based on changed country conditions may be filed at any time "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii), "and if the [movant] shows prima facie eligibility for relief," *Li v. Garland*, 35 F.4th 661, 663 (8th Cir. 2022). "The BIA may deny a motion to reopen if the movant fails to present new, previously unavailable evidence; if the movant does not establish a prima facie case of eligibility for the desired relief; or if the BIA determines 'that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief sought.'" *Chen v. Holder*, 751 F.3d 876, 878 (8th Cir. 2014) (quoting *Habchy v. Gonzales*, 471 F.3d 858, 867 (8th Cir. 2006)).

To qualify for asylum, an applicant must establish either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, political opinion, or membership in a particular social group. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). "Persecution is an 'extreme concept that involves

---

[2]The BIA terminated removal proceedings for Tan's parents in October 2023, who were then dismissed from this case in April 2024. Tan is the sole petitioner on appeal.

the infliction or threat of death, torture, or injury to one's person or freedom, on account of a protected characteristic.'" *Martin Martin v. Barr*, 916 F.3d 1141, 1144 (8th Cir. 2019) (quoting *Shaghil v. Holder*, 638 F.3d 828, 834 (8th Cir. 2011)).

While Tan may not have suffered past persecution in Indonesia on account of a protected characteristic, "[s]he may be granted asylum if [s]he demonstrates a well founded fear of future persecution." *See Becerril-Sanchez v. Bondi*, 127 F.4th 1099, 1110 (8th Cir. 2025) (quoting *Molina-Cabrera v. Sessions*, 905 F.3d 1103, 1105 (8th Cir. 2018)). An applicant's well-founded fear of future persecution must be "subjectively genuine and objectively reasonable." *Id.* (quoting *Molina-Cabrera*, 905 F.3d at 1105). Tan testified she genuinely fears persecution if she returns to Indonesia because of her Chinese ethnicity, Christian religion, and disability. "But to prove the objective element, [s]he must provide 'credible, direct, and specific evidence of facts that show a reasonable person in the [applicant]'s position would fear persecution if returned to [her] native country.'" *Molina-Cabrera*, 905 F.3d at 1105 (quoting *Ghasemimehr v. INS*, 7 F.3d 1389, 1390 (8th Cir. 1993)). The harm must be particularized to the individual. *See Al Yatim v. Mukasey*, 531 F.3d 584, 588–89 (8th Cir. 2008). A showing of particularized persecution is not required if the applicant establishes there is "a pattern or practice of persecution of a group of persons similarly situated to the applicant" in that country. *See* 8 C.F.R. § 1208.16(b)(2)(i). *See also Calvo-Tino v. Garland*, 107 F.4th 861, 866 (8th Cir. 2024).

Though the BIA acknowledged Tan's affidavit "discussing [her] concerns and fears of returning due to ongoing discrimination against Indonesian Chinese Christians, violence in general between Muslims and Christians, and violence against Chinese Christian women, including fear of rape," it concluded the evidence submitted did not contain additional facts indicating a new particularized threat of persecution as to Tan. The BIA further noted the evidence included "statements from two relatives discussing ongoing incidences of discrimination and violence related to criminal activity" but concluded "the relatives who have remained in Indonesia have not experienced harm rising to the level of persecution."

-4-

Notwithstanding our skepticism toward the BIA's characterization of persecution of Christians in Indonesia as mere "criminal activity" or "violence in general," the record supports the BIA's decision that Tan failed to show particularized persecution on account of her religion, ethnicity, and disability and failed to show that the harassment her relatives endured rose to the level of persecution. *See Uli v. Mukasey*, 533 F.3d 950, 957 (8th Cir. 2008) (concluding the reasonableness of a fear of persecution is diminished when the applicant herself has not been singled out for abuse and family members remain in Indonesia unharmed). And Tan does not alternatively claim that there is a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. *See Calvo-Tino*, 107 F.4th at 866; 8 C.F.R. § 1208.16(b)(2)(i).

Thus, the BIA did not abuse its discretion in denying Tan's motion to reopen proceedings on the basis that she failed to demonstrate a well-founded fear of future persecution to establish eligibility for asylum.[3] *See Li*, 35 F.4th at 666 & n.2 (concluding the BIA's denial of the petitioner's motion to reopen based on his failure to demonstrate prima facie eligibility for relief was "dispositive," and thus, not deciding whether the BIA's determination that the petitioner failed to show changed country conditions was supported by substantial evidence). And because Tan does not meet the lower standard of proof required for asylum, it necessarily follows that she has failed to meet the more rigorous standard for withholding of removal. *See Cubillos v. Holder*, 565 F.3d 1054, 1058 (8th Cir. 2009) (requiring the applicant to show a clear probability of persecution in the proposed country of removal).

---

[3]Because of our holding regarding Tan's prima facie case, we need not decide whether the BIA's determination that Tan failed to show changed country conditions is supported by substantial evidence. *See Li*, 35 F.4th at 663 (reopening motion based on changed country conditions); *Chen*, 751 F.3d at 878 (noting denial of a motion to reopen may be based on any of three independent grounds); *Mohamed v. Barr*, 983 F.3d 1018, 1022 (8th Cir. 2020) (standard of review).

## III. Conclusion

For the foregoing reasons, we deny the petition for review.

_____